UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARTS CENTER AND THEATER OF SCHENECTADY, :
INC., d/b/a PROCTORS THEATER : Case No. 09-cv-1400 (TJM)(RFT)
:
:
Plaintiff, :
:
-against- :
:
VALLEY FORGE INSURANCE CO. d/b/a CNA, :
:
Defendant. :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VALLEY FORGE INSURANCE COMPANY'S MOTION TO DISMISS

Of Counsel:

Joseph D'Ambrosio

Table of Contents

Table of Authorities ..................................................................................................................ii

INTRODUCTION ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

   I.  Plaintiff Has Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing..........2

   II. Plaintiff Is Not Entitled to Punitive Damages .........................................................................3

CONCLUSION................................................................................................................................5

# Table of Authorities

**Cases**

*Apfel v. Prudential-Bache Sec., Inc.*, 183 A.D.2d 439, 583 N.Y.S.2d 386 (1st Dep't 1992) .......... 5

*Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 663 N.E.2d 289, 639 N.Y.S.2d 977 (1995) .......... 2

*Fabrizio v. Erie Ins. Co.*, 2009 U.S. Dist. LEXIS 13344 (N.D.N.Y. Feb. 20, 2009) (McAvoy, J.) ........................................................................................................................................ 2, 3

*New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995) ................................................................................................................................... 4

*Rocanova v. Equitable Life Assur. Soc'y*, 83 N.Y.2d 603, 634 N.E.2d 940, 612 N.Y.S.2d 339 (1994) ................................................................................................................................ 3, 4

*Ross v. Louise Wise Servs., Inc.*, 2007 NY Slip Op 3793, 8 N.Y.3d 478, 868 N.E.2d 189, 836 N.Y.S.2d 509 (March 27, 2007) ....................................................................................... 4

*Simon v. Unum Group*, 2008 U.S. Dist. LEXIS 47719 (S.D.N.Y. June 19, 2008) ...................... 2, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 2, 5

Defendant Valley Forge Insurance Company ("Valley Forge") submits this memorandum of law in support of its motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff Arts Center and Theater of Schenectady, Inc. d/b/a Proctors Theater ("Proctors") filed a Complaint in the Supreme Court of the State of New York, County of Schenectady, under Index No. 2009-2756, upon information and belief, on November 30, 2009. On December 17, 2009, Valley Forge removed this action from the Supreme Court of the State of New York, County of Schenectady, to this Honorable Court.

According to the Complaint, Valley Forge issued to Proctors policy no. C8006853416, which provided coverage for "commercial property, property damage, contents, loss of business and miscellaneous direct and consequential losses." Pl.'s Compl. ¶¶ 4 & 5. Proctors claims that a portion of its building collapsed on March 3, 2009, allegedly causing "property damage and related consequential losses" ("the Loss"). *Id.* ¶ 6. According to Proctors, it notified Valley Forge of the Loss and Valley Forge "refused to provide coverage for the Loss." *Id.* ¶ 8.

In this action, Proctors alleges that Valley Forge breached its contractual obligations to Proctors "by failing to timely and fairly adjust and cover the Loss." *Id.* ¶ 18. On this first cause of action, Proctors seeks $260,000, plus consequential damages, interest, costs, fees and disbursements. Proctors further claims that Valley Forge breached the covenant of good fair and fair dealing. On this second cause of action, Proctors seeks "the amount determined at trial," plus consequential damages, including attorneys' fees, punitive damages, interest, costs, fees and disbursements.

ARGUMENT

I.

## Plaintiff Has Failed to State a Claim for
## Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's second claim, for breach of the implied covenant of good faith and fair dealing, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Proctors has failed to state a claim upon which relief can be granted. Proctors' pleading is so barebones that it barely even states a claim for breach of contract, much less a bad faith claim. Yet Proctors requests the extraordinary remedies of consequential damages and punitive damages, despite failing to allege any facts which support its request for these extra-contractual damages.

In its Complaint, Proctors alleges that Valley Forge breached the covenant by: (i) "failing to cover the Loss"; (ii) "failing to adjust Proctors' claim fairly and promptly"; and (iii) "failing to make reasonable efforts to settle Proctors' claim." Pl.'s Compl. ¶¶ 21 & 22. Proctors further alleges that "to the extent it can be demonstrated that said bad faith conduct is part of a pattern and practice directed towards the public, the defendant is liable for punitive damages." *Id.* ¶ 24.

Proctors' claim for breach of the implied covenant of good faith and fair dealing must be dismissed because it is redundant of its breach of contract claim. Although courts recognize a cause of action for breach of the covenant of good faith and fair dealing that is implied in all contracts, *see Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289, 291, 639 N.Y.S.2d 977, 979 (1995), New York law requires dismissal of a claim for breach of the implied covenant that is derived from the same facts that form the basis of the plaintiff's breach of contract claim. *E.g., Fabrizio v. Erie Ins. Co.*, 2009 U.S. Dist. LEXIS 13344, at *13 (N.D.N.Y. Feb. 20, 2009) (McAvoy, J.) (dismissing plaintiff's bad faith claim because "the covenant is implied in every contract and, therefore, is duplicative of the breach of contract claim"); *Simon v.*

2

*Unum Group*, 2008 U.S. Dist. LEXIS 47719, at *16 (S.D.N.Y. June 19, 2008) (dismissing plaintiff's claim for breach of the implied covenant because the insured's allegation that the insurer engaged in a bad faith "practice and pattern of inundating [the insured] with unduly burdensome, irrelevant and unreasonable requests for information in a disingenuous effort to find a reason not to pay" was an assertion "factually identical to that contained in the breach of contract claim").

Proctors' asserted basis for both its breach of contract claim and its bad faith claim is Valley Forge's alleged failure to pay losses resulting from Proctors' roof collapse. Therefore, Proctors' claim for breach of the implied covenant must be dismissed as duplicative of its breach of contract claim. *See, e.g., Fabrizio*, 2009 U.S. Dist. LEXIS 13344, at *13; *Simon*, 2008 U.S. Dist. LEXIS 47719, at *16.

## II.

### Plaintiff Is Not Entitled to Punitive Damages

Plaintiff has clearly failed to state a claim for punitive damages. In its Complaint, Proctors states only that "The defendant has acted in bad faith and to the extent it can be demonstrated that said bad faith conduct is part of a pattern and practice directed toward the public, the defendant is liable for punitive damages." Pl.'s Compl. ¶ 24. Proctors provides absolutely no other information which supports its claim for punitive damages. This barebones, conclusory allegation can not sustain a cause of action for punitive damages.

The purpose of punitive damages is "to vindicate public rights." *Rocanova v. Equitable Life Assur. Soc'y*, 83 N.Y.2d 603, 613, 634 N.E.2d 940, 943, 612 N.Y.S.2d 339, 342 (1994) (citation omitted). This extraordinary remedy is "available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be

characterized as 'gross' and 'morally reprehensible,' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'" *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315-16, 662 N.E.2d 763, 767, 639 N.Y.S.2d 283, 287 (1995) (quoting *Rocanova*, 83 N.Y.2d at 614); *see also Ross v. Louise Wise Servs., Inc.*, 2007 NY Slip Op 3793, 8 N.Y.3d 478, 868 N.E.2d 189, 836 N.Y.S.2d 509 (March 27, 2007). In first-party insurance actions such as the instant case, courts employ a very strict standard for awarding punitive damages. *See Rocanova*, 83 N.Y.2d at 613. Indeed, even where the alleged wrongdoing meets this standard of "moral reprehens[ion]" and "wanton dishonesty," *see New York Univ.*, 87 N.Y.2d at 315, punitive damages are still unavailable unless the misconduct was "aimed at the public generally." *Rocanova*, 83 N.Y.2d at 614 (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 404-05 (1961)).

In order to state a claim upon which relief can be granted, a plaintiff seeking punitive damages based on a breach of contract must allege the following: (1) the defendant's conduct was actionable as an independent tort; (2) the tortious conduct was egregious and involved high moral culpability; (3) the egregious, tortious conduct was directed at the plaintiff; and (4) the egregious, tortious conduct was part of a pattern of similar conduct directed at the public generally. *New York Univ.*, 87 N.Y.2d at 316 (citing *Rocanova*, 83 N.Y.2d at 613) (internal citations omitted).

Proctors has failed to allege any conduct on the part of Valley Forge that is actionable as an independent tort, so Proctors has failed to establish even the first pleading element for punitive damages. Plaintiff merely disagrees with Valley Forge's determination that the Loss was not covered under the Policy and its resulting decision to not pay Plaintiff's alleged Loss. Valley Forge's alleged "fail[ure] to cover the loss" that forms the basis for Plaintiff's bad faith claim is the alleged breach of a duty that arises solely from Valley Forge's express obligations

under the insurance contract to pay for covered claims. This does not constitute a breach of any duty to Plaintiff that is independent of the parties' contractual obligations, and this coverage dispute is certainly not "morally reprehensible" conduct which punitive damages are necessary are redress.

Further, Plaintiff has completely failed to allege that such tortious conduct was part of pattern of conduct directed at the public generally. Proctors even admits in its Complaint that it is unable to demonstrate any "pattern and practice" of misconduct. Plaintiff claims that it seeks punitive damages only that "*to the extent it can be demonstrated* that said bad faith is a part of a pattern and practice directed at the public generally." This is purely a coverage dispute for which punitive damages are not available. *See, e.g., Apfel v. Prudential-Bache Sec., Inc.*, 183 A.D.2d 439, 440, 583 N.Y.S.2d 386, 387 (1st Dep't 1992) (stating that punitive damages "will not be awarded in what is essentially a private action, particularly if the action involves a mere breach of contract") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant Valley Forge respectfully requests that this Court dismiss Plaintiff Proctors' second claim, for breach of the implied covenant of good faith and fair dealing, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: New York, New York
January 7, 2010

                        Respectfully submitted,

                        **FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By: _____
                        Joseph D'Ambrosio (Bar Roll No. 511981)
                        Wall Street Plaza
                        New York, New York 10005-1875
                        Tel.: (212) 269-4900
                        *Attorneys for Defendant Valley Forge Insurance Company*